## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

Barred Business, John Cole
Vodicka, and Steven Williams,

*Plaintiffs*,

v.

Brian Kemp, Governor of Georgia;
Christopher M. Carr, Attorney
General of Georgia; Keith E.
Gammage, Solicitor General for
Fulton County; and Will Fleenor
Solicitor General for Athens-Clarke
County,

*Defendants*.

Case No.: _____

## PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND EXPEDITED PRELIMINARY INJUNCTION

Plaintiffs Barred Business Foundation, John Cole Vodicka, and Steven

Williams, by and through their undersigned counsel, hereby move the Court

pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rules

7.2 and 65.2 for a temporary restraining order and/or expedited preliminary

injunction enjoining the enforcement of Section 4 of Georgia Senate Bill 63—

which restricts charitable bail funds from operating—prior to its July 1, 2024

effective date.

1

As detailed more fully in the accompanying Brief, Plaintiffs satisfy the requirements for a temporary restraining order and/or a preliminary injunction.[1] *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (setting forth the requirements for injunctive relief); *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (same standard applies to preliminary injunction and request for a temporary restraining order).

Plaintiffs are likely to succeed on the merits. Section 4 severely restricts Plaintiffs' charitable, expressive, associative, and religious activity of running their charitable bail funds, which serve to release individuals detained solely because they cannot afford their bail payment and to advocate in opposition to wealth-based detention. The law's restrictions violate Plaintiffs' fundamental right to freedom of speech, association, and religion under the First Amendment to the United States Constitution. They also violate the Due Process Clause by chilling protected action through vague and incoherent criminal restrictions, among other constitutional

---

[1] Unlike a preliminary injunction, a temporary restraining order "usually refers to a short-term emergency order issued to preserve the status quo until the Court can convene a preliminary injunction hearing" and "is often issued without notice to the adverse party and expires after a short amount of time. A preliminary injunction, on the other hand, is usually entered only after full briefing and lasts until a permanent injunction or final judgment is entered." *Moore v. Comm'r of Georgia Dep't of Corr.*, No. 5:19-CV-473 (MTT), 2021 WL 707864, at *1 n. 1 (M.D. Ga. Feb. 23, 2021) (citing Fed. R. Civ. P. 65 and *Haitian Refugee Ctr., Inc. v. Baker*, 950 F.2d 685, 686 (11th Cir. 1991)).

defects. Section 4's constitutional infringements do not advance any substantial government interest, nor are they narrowly tailored to meet such an interest.

If Section 4 is not enjoined, Plaintiffs and others similarly situated, will suffer immediate and irreparable harm by being subjected to criminal penalties for the charitable bail efforts they have been doing for years. Plaintiffs will be deprived of their fundamental right to speak and associate freely. Plaintiffs Vodicka and Williams will be deprived of their right to exercise their religious beliefs, which are the foundation of their charitable bail work. Moreover, people languishing in jail across the state because of their poverty will lose a critical access point for gaining their freedom. The balance of equities and the public interest strongly favor Plaintiffs, and the irreparable injuries they face far outweigh any burden on Defendants. An injunction will simply preserve the status quo while protecting Plaintiffs from irreparable injuries should Section 4 take effect on July 1. Given those imminent and irreparable injuries, Plaintiffs request that the Court shorten the usual time requirements and set an immediate hearing, pursuant to Local Rule 7.2(B) and 65.2. *See Shipley v. Hypercom Corp.*, Case No. 1:09-CV-0265-CAP-RGV, 2010 WL 11453635, at *4 (N.D. Ga. Mar. 15, 2010) (Local Rule 7.2 permits waiver of time requirements upon filing a written motion and showing cause).

Plaintiffs also respectfully request this Court exercise its discretion to waive the Federal Rule of Civil Procedure 65(c) security requirement. *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC,* 425 F.3d 964, 971 (11th Cir. 2005). Public interest litigation is a recognized exception to the bond requirement, especially where, as here, the bond would injure Plaintiffs' constitutional rights and the relief sought would not pose a hardship to Defendants. *See City of Atlanta v. Metro. Atlanta Rapid Transit Auth.,* 636 F.2d 1084, 1094 (5th Cir. Unit B 1981) (recognizing "an exception to the Rule 65 security requirement" for "public-interest litigation"); *BellSouth,* 425 F.3d at 971 (citing *City of Atlanta* with approval).

Accordingly, and for the reasons set forth in the accompanying Brief, Plaintiffs respectfully request that this Motion for Temporary Restraining Order & Expedited Preliminary Injunction be granted without security. Plaintiffs further request the Court set an expedited hearing given the significant and irreparable harm they face should Section 4 go into effect on July 1, 2024.

4

Respectfully submitted this June 22nd, 2024,

*/s/ Cory Isaacson*
Cory Isaacson,
Ga. Bar No. 983797
Andrés López-Delgado,
Ga. Bar No. 552876
AMERICAN CIVIL LIBERTIES
UNION
FOUNDATION OF GEORGIA
P.O. Box 570738
Atlanta, GA 30357
Phone: (770) 415-5490
cisaacson@acluga.org
adelgado@acluga.org

*/s/ Joseph Mead*
Joseph Mead*
Rupa Bhattacharyya*
Shelby Calambokidis*
Alex Lichtenstein*
William Powell*
INSTITUTE FOR
CONSTITUTIONAL
ADVOCACY AND PROTECTION
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
Phone: (202) 662-9042
jm3468@georgetown.edu

*Attorneys for Plaintiffs*

**Application for admission pro hac vice forthcoming*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 22, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. There is currently no Counsel of Record for Defendants; I certify that I will serve the foregoing on Defendants along with the Complaint.

/s/ Cory Isaacson
Cory Isaacson